**ZIEGMAN PRODUCTIONS INC., a Wisconsin Corporation, and Daniel M. Ziegman, Plaintiffs,**

v.

**CITY OF MILWAUKEE, a Municipal Corporation, and Harold Breier, Chief of Police of the City of Milwaukee, Defendants.**

**Civ. A. No. 80–C–871.**

United States District Court, E. D. Wisconsin.

April 16, 1981.

James C. Newcomb, Milwaukee, Wis., for plaintiffs.

James B. Brennan, City Atty. by Reynold Scott Ritter, Asst. City Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 42 U.S.C. § 1983 for damages and injunctive relief arising out of the alleged denial by the defendants of the plaintiffs' rights under the First Amendment to the United States Constitution in connection with the arrest under a City of Milwaukee obscenity ordinance of a dancer hired by the plaintiffs to perform nude interpretations of certain scenes from the plays "Equus" and "Hair." The action is before the court on the defendants' motion to dismiss the complaint, which motion will be denied.

The defendants argue that the allegations made against them in the complaint are too conclusory to state a claim and that the plaintiffs are seeking to hold them liable on a theory of respondeat superior which will not support liability under § 1983. See *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Their reading of the complaint is, however, too restrictive. While it is perhaps inartfully drawn, it is sufficient to state a claim against both defendants.

With regard to the defendant City of Milwaukee, in *Monell,* supra, at 694, 98 S.Ct. at 2037, the Supreme Court stated:

"We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. * * *"

Paragraph 17 of the complaint alleges that the interruption of the dancer's performance was done "persuant [sic] to State law and City ordinances." Defendants themselves concede at page 6 of their brief in support of the motion to dismiss that a municipality may be held liable for unconstitutional conduct of its employees committed pursuant to city ordinance.

With regard to the defendant Breier, paragraph 22 of the complaint alleges that the arresting officers acted on his instruction and that their actions were subsequently ratified and approved by him. Para-

graph 9 subdivision E of the complaint alleges that there was a past history of police harassment of theatrical endeavors at the premises where the arrest in question occurred. Taken together, those two paragraphs are minimally sufficient to state a claim against the defendant Breier for authorizing and approving police enforcement of the ordinance at the premises in question, which enforcement resulted, plaintiffs claim, in a violation of their First Amendment rights. To be liable under § 1983, a supervisory official need not directly participate in an unconstitutional act if he participates in the planning of or subsequently ratifies the act. *Perry v. Elrod*, 436 F.Supp. 299 (N.D.Ill.1977); *Cochran v. Rowe*, 438 F.Supp. 566 (N.D.Ill.1977).

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the complaint is denied.

Dated at Milwaukee, Wisconsin, this 16 day of April, 1981.